## Gocke v. Fey et al.

### February 4, 1949.

Joseph M. Hayse for appellant.

Isaac Sherman for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal is prosecuted by plaintiff below from a judgment wherein his petition was dismissed and judgment entered on the counterclaim of defendant.

Appellant, Clem Gocke, Jr., owned a tract of land on Kramer's Lane in Jefferson County containing approximately 75 acres. In October 1922, he contracted to sell 25

acres out of the middle of this tract to appellee, Laura Fey. Pursuant to the contract, a deed was executed November 8, 1928.

In March 1937, appellant sold and conveyed to Mary B. Lehman a tract to the west of, and adjoining the Fey tract containing approximately 32 acres.

On November 7, 1941, appellant conveyed 18.4 acres to the east of, and adjoining the Fey tract to Vincent Bramer.

The land in dispute herein is a strip approximately 60 feet wide and extending across the tract lying between the land conveyed to Fey and that claimed to have been conveyed to Bramer.

It appears that in the early part of 1937, which was about the time the 32 acre tract was conveyed to Mary B. Lehman, appellant employed a surveyor, Frank B. King, for the purpose of surveying the tract and ascertaining the exact boundaries of the Fey tract.

The record discloses, that at that time King informed appellee that she was over on the land of appellant by several feet and requested appellee to join him in moving and resetting the iron pipes that had been driven down marking the boundary of appellee's tract. Appellees refused to do this and informed King and appellant to stay off of their land.

Appellant takes the position that his surveys show that this strip of land between the Fey and Bramer land had not been sold or conveyed by him to anyone. Appellees insist they have acquired title thereto by adverse possession. The evidence is quite contradictory.

Appellant insists that the charge in a letter, bearing date April 22, 1931, and written by Sam Fey, husband of appellee, that appellant was renting land claimed by appellees and collecting the rents therefrom, is an admission that appellees did not have possession of the land on that date. However, this letter cannot be conclusive in any way since it cannot be ascertained by the letter that it was written concerning the strip in dispute. More especially is this true since there was testimony that the Feys at that time were over and beyond this

particular strip and later moved their fence back when Bramer erected his fence.

In 1943 appellees employed a surveyor, Ben Ford, to make a survey of their tract of land, which survey disclosed that, according to the description in the deed, Gocke had conveyed to the Feys only 23.8 acres although the deed purported to convey 25 acres. The Feys had purchased this land at the price of $205 per acre and paid for 25 acres. This survey further showed that the land, covered by the description in the deed, plus this disputed strip of land, really made the acreage about 25 acres.

The testimony further shows that at the time the contract for deed was made appellant went on the tract with appellees and marked the corners; that iron pipes were driven down at the corners; and that appellees took possession of all the land up to the corner markers. This, according to the testimony, includes the strip of land in dispute.

It appears to us, considering the whole record, that appellant intended to divide his 75 acres into three strips, or parcels. He sold the 25 acres to appellees. He sold approximately 32 acres to Lehman and approximately 18 acres to Bramer. This makes a total of 75 acres.

According to the facts above, clearly the court properly dismissed plaintiff's petition and adjudged appellees to be the owner of the land.

Wherefore, the judgment is affirmed.